IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ray A. Williams, #307826,<br><br>                Petitioner,<br><br>   vs.<br><br>McKither Bodison, Warden,<br><br>                Respondent. | Civil Action No. 6:09-2695-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently confined at the Lieber Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Charleston County. The petitioner was indicted by the Charleston County Grand Jury during the August 2004 Term of the Court of General Sessions for Armed Robbery (2004-GS-10-6490), Possession of a Weapon During the Commission of a Violent Crime (2004-GS-10-6496), Pointing and/or Presenting Firearm at Another Person (2004-GS-10-6495), and Kidnaping (2004-GS-10-6497); during the September 2004 Term of the Court of General Sessions for Armed Robbery (2004-GS-10-

6542, 2004-GS-10-6562, 2004-GS-10-6571) and Kidnaping (2004-GS-10-6543, 2004-GS-10-6566, 2004-GS-10-6570); during the October 2004 Term of the Court of General Sessions for Kidnaping (2004-GS-10-7180, 2004-GS-10-7295, 2004-GS-10-7324, 2004-GS-10-7339) and Armed Robbery (2004-GS-10-7178, 2004-GS-10-7296, 2004-GS-10-7322, 2004-GS-10-7345); and during the November 2004 Term of the Court of General Sessions for Armed Robbery (2004-GS-10-8256, 2004-GS-10-8332) and Kidnaping (2004-GS-10-8229, 2004-GS-10-8261) (see App. 215-87). The petitioner was represented by attorney J. Kevin Holmes (App. 1-134). The State was represented by Assistant Solicitor Paul Thurmond of the Ninth Judicial Circuit. *Id*. On February 28, 2005, the petitioner pleaded guilty to all of the armed robbery and kidnaping indictments[1] (App. 1-134). The Honorable Edward B. Cottingham, Circuit Court Judge, sentenced the petitioner to a 24-year concurrent sentence on all of the charges (App. 130). There was no direct appeal taken.

*PCR Action*

The petitioner filed an application for post-conviction relief on December 22, 2005 (2005-CP-10-5187), alleging the trial court deprived him of his procedural due process by "amending" his indictment without consent of the grand jury; he was denied his due process of law by the trial court failure to obtained a proper written waiver of presentment of indictment, according to S.C. Code Ann. 17-23-130 and 17-23-140; and his guilty plea failed to comply with the mandates set forth in *Boykin v. Alabama* (App. 135-47). The State filed its return on March 1, 2006 (App. 148-53).

---

[1] The indictments for Pointing and Presenting a Firearm and Possession of a Firearm during the Commission of a Violent Crime were nol prossed because they were not presented at the time of the hearing. (See App. 103, 279, Attachment No. 8).

An evidentiary hearing was held in the PCR Action on September 12, 2007, before the Honorable John C. Few, Circuit Court Judge (App. 154-208). The petitioner was present and represented himself. Assistant Deputy Attorney General Salley Elliott represented the State. On November 20, 2007, the PCR court filed an order denying the petitioner's application for post-conviction relief (App. 209-13).

The PCR court had the opportunity to review the record in its entirety and heard testimony and arguments at the post-conviction relief hearing (App. 210). In addition, the PCR court had the opportunity to observe the witness who testified at the hearing and weighed the testimony accordingly (App. 210-11). Set forth below are the relevant findings of facts and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003) (App. 211).

At the PCR hearing, the petitioner asserted a Due Process violation based upon amendments to the indictments without grand jury approval or waiver of presentment (App. 211). The only issue facing the PCR court was whether amendments to the indictments changed the nature of the charges and deprived the guilty plea court of jurisdiction to accept the guilty plea (*id*).

The evidence before the PCR court reflected that the Solicitor reviewed each indictment and read each amendment during the guilty plea (App. 211). The indictments were amended to change the names of the victims present at businesses where the offenses occurred as well as to add items of property stolen (*id*). Counsel testified that he was unaware the State wished to amend the indictments until he arrived for the plea (*id*). Counsel testified that he reviewed with the petitioner the elements of each offense when reviewing the indictments and opined that the amendments did not change the nature of the offenses charged or increase the applicable punishment (*id*). The transcript of the guilty plea reflected that the petitioner's attorney indicated at the beginning of the petitioner's portion of the guilty plea that "we" are aware of amendments (Tr. p. 30, lines 5-6) (App.

3

211). Counsel advised the plea court that he had discussed the amendments with the prosecutor and that he and the petitioner agreed (App. 211). The petitioner was questioned about the amendments for each indictment and concurred in the amendments (*id*). The petitioner also asserted his desire to plead guilty to the charges as amended (*id*). The petitioner's action of agreeing to the indictment constituted an admission of the facts in the indictments, including the amendments (App. 211-12). The PCR court found the petitioner had notice the amendments would be made and that the indictments were amended with the knowledge and consent of the petitioner (App. 212). The PCR court found any evidence or testimony to the contrary to be lacking in credibility (*id*). The PCR court also found that the amendments were proper and that the matter at issue was a legal decision the petitioner's attorney had the authority to make (App. 212).

The petitioner failed to assert any other allegations at the PCR hearing, including the remaining allegations contained in his application (App. 212). These allegations, therefore, were considered by the PCR court as waived by the petitioner based upon his failure to present sufficient evidence to meet his burden of proof regarding them (App. 212-13). Therefore, they were denied and dismissed (App. 213).

Based on the foregoing, the PCR court found and concluded that the petitioner had not established any constitutional violations or deprivations that would require the PCR court to grant his application (App. 213). Therefore, his application for post-conviction relief was denied and dismissed with prejudice (*id*). The PCR court advised the petitioner that he must file and serve a notice of appeal within 30 days from the receipt of written notice of entry of judgment to secure the appropriate appellate review. *See* Rule 203, SCACR (App. 213). The petitioner was directed to Rules 203, 206, and 227 of the South Carolina Appellate Court Rules for the appropriate procedures to follow (App. 213).

*PCR Appeal*

The petitioner timely filed a notice of appeal on June 11, 2008. On appeal, the petitioner was represented by LaNelle C. Durant, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The appeal of the PCR court's order was perfected with the filing of a petition for writ of certiorari. In the petition, the petitioner argued the PCR court erred in denying his PCR application when his trial attorney consented to the State amending his indictments at the guilty plea to add additional victims which violated his constitutional rights. In a letter order filed June 24, 2009, the South Carolina Supreme Court denied the petitioner's petition for writ of certiorari. The remittitur was issued on July 10, 2009.

### III. FEDERAL HABEAS ACTION

In his action for habeas corpus relief now before this court, the petitioner makes the following allegations (sic):

> **Ground One:** The PCR Court erred in denying Petitioner's PCR application when his trial attorney consented to the state amending his indictments at the guilty plea to additional victims which violated his Constitutional Rights.
>
> **Supporting Facts:** The trial court erred when the state was allowed to amended the indictments in open court without resubmission to the grand jury. As a result, this underlying principle is reflected by the settle rule underlying principle is reflected rule in federal courts that an indictment may not be amended except by resubmission to the grand jury. The Petitioner's did not know the indictments were being amended until he was standing in front of the judge during the plea.
>
> **Ground Two:** Petitioner was deprived of substantive due process when trial court amended his indictment without consent of the grand jury
>
> **Supporting Facts:** "the instant that court amends the indictment, the court loses jurisdiction. At that point in time, there is nothing that can cure that defect, it is a jurisdictional

5

defect. Upon an indictment so changed, the court can proceed no further. There is nothing for which the petitioner can be held to answer. A trial on such indictment is void". Both Due process and common sense dictate that a amended indictment must be resubmitted to the grand jury for their vote on the amended indictment.

**Ground Three:** Petitioner was deprived of his due process of law by the trial court's failure to obtain a proper written waiver of presentment of indictment.

**Supporting Facts:** The meaning of the term "presentment' in the Fifth Amendment is discussed in L. Orfield, Criminal Procedure from Arrest to Appeal 157-158 (1947). Professor Orfield points out that if a presentment were ever an alternative to an indictment, that has not been the case since the adoption of the Federal Rules of Criminal Procedure, which make no provision for prosecuting by presentment.

**Ground Four:** Petitioner's guilty plea failed to comply with the mandates set forth by U.S. Supreme Court.

**Supporting Facts:** Due process of law request that before a guilty plea can be entered voluntarily and intelligently, a defendant must be advised of his privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. Attorney Kevin Holmes, who represented the Petitioner at his guilty plea, testified that he did not know the indictments were being amended until he was standing in front of the judge during the plea.

On January 11, 2010, the respondent filed a motion for summary judgment. By order filed January 13, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion for summary judgment on February 22, 2010.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

6

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondent first argues[2] that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This court agrees. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petitioner's conviction became final on March 11, 2005, the day after he could have timely filed a notice of appeal. *See* Rule 203(b)(2), SCACR (must file notice of appeal within ten days of conviction). Accordingly, the limitations period expired on March 11, 2006, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2).

The petitioner filed a state PCR action (2005-CP-10-5187) on December 22, 2005. At that point, 286 days of non-tolled time had run since the period of limitations began on March 11, 2005. The remittitur for the PCR appeal was issued on July 10, 2009. Thus, the statute of limitations began to run again on July 11, 2009, the day after the remittitur was issued.

As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. Lieber Correctional Institution's date/time stamp on the envelope containing the petition is undecipherable. The petitioner signed the petition on October 13, 2009, and it was received by the District Court in Columbia on October 15, 2009. Accordingly, the court will

---

[2]As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

assume that the petitioner delivered his petition to prison authorities for forwarding to the court on October 13, 2009. Thus, another 94 days of non-tolled time ran between the date the petitioner's PCR appeal concluded and the date he filed his federal petition. Accordingly, the petition was filed 380 days after his convictions became final, or 15 days after the statute of limitations expired.

As the federal petition was filed after the one-year statute of limitations expired, the petition is untimely and should be dismissed.[3]

## **CONCLUSION AND RECOMMENDATION**

Being "mindful that Congress enacted § 2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 14) be granted. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (affirming dismissal of petition filed one day late).

s/William M. Catoe
United States Magistrate Judge

May 21, 2010

Greenville, South Carolina

---

[3] No issue of equitable tolling has been raised. The petitioner does not address the statute of limitations argument in his brief in opposition to summary judgment.