

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| RAY A. WILLIAMS,<br>   Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 6:09-2695-HFF-WMC |
| | § | |
| MCKITHER BODISON, Warden,<br>   Respondent. | §<br>§<br>§ | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 21, 2010, and the Clerk of Court entered Petitioner's objections to the Report on June 10, 2010.

In the Report, the Magistrate Judge concluded that Respondent was entitled to summary judgment because Petitioner's petition was not filed within the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations.

Petitioner's Objections are devoted primarily to a discussion of the merits of his claim. Not until the fifth and final page of his Objections does he respond to the Magistrate Judge's conclusion that his petition is untimely. According to Petitioner's calculations, his petition is timely. Specifically, he points out that the Remittitur was issued for his state post conviction relief (PCR) appeal on July 10, 2009, and that his present Petition was signed and mailed on October 13, 2009. Thus, according to Petitioner, his petition is timely.

However, Petitioner fails to include the time that elapsed between when his conviction became final and the filing of his state application for post conviction relief in his calculations. The AEDPA's statute of limitations provides in part,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review

28 U.S.C. § 2244(d)(1)(A). Petitioner pled guilty and was sentenced on February 28, 2005, and he failed to appeal his conviction. Thus, his conviction became final on March 11, 2005, the day after he could have filed a notice of appeal. *See* S.C. App. Ct. R. 203(b)(2) (noting that notice of appeal shall be served within ten days after sentence is imposed). As discussed in the Report, Petitioner filed his state PCR application on December 22, 2005. Therefore, 286 days of non-tolled time ran between the date the conviction became final and the date Petitioner filed his state PCR, which triggered the tolling of the statute of limitations. *See* 28 U.S.C. § 2244(d)(2) (noting statute is tolled

during the time in which properly filed application for State post-conviction relief is pending). Adding this to the ninety-four days that elapsed between the conclusion of Petitioner's PCR and the filing of his current Petition results in 380 days of non-tolled time. Petitioner fails to provide any reason in his Objections that would entitle him to the benefit of equitable tolling. Therefore, as discussed in the Report, Petitioner's § 2254 is untimely.

As noted, Petitioner's remaining Objections relate to the merits of his underlying claim. Having concluded that his Petition is untimely, the Court need not discuss the merits. *See Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th Cir. 1994) (advising against alternative holdings because such holdings run risk of creating law in strictly advisory fashion).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED**.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 15th day of June, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

(see notice on following page)

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.